IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRY P. WATSON,

    Plaintiff,                    No. 2:06-cv-1475 LKK KJN P

  vs.

J. TORRUELLA, et al.,

    Defendants.          <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding with newly appointed counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action was reassigned to the undersigned magistrate judge on February 9, 2010,[1] and a status conference held on April 1, 2010. Attorneys Mari Overbeck and Sean Meenan appeared on behalf of plaintiff; defendants were represented by Steven Gevercer, appearing on behalf of attorney Stephen Pass.

        Plaintiff proceeds on his amended complaint filed April 27, 2007 (Dkt. No. 12), wherein he alleged that defendant physicians were deliberately indifferent to a medical condition involving plaintiff's right thumb, eventually diagnosed as squamous cell carcinoma. The court found a cognizable Eighth Amendment claim against these defendants (Dkt. No. 16) and ordered

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

service upon them (Dkt. No. 18). Defendants filed a motion for summary judgment (Dkt. No. 29), which the district judge denied on October 7, 2009 (Dkt. No. 40). In addition, the district judge found that plaintiff stated a claim for medical malpractice and ordered that counsel be appointed for plaintiff and defendants be permitted the opportunity to move for summary judgment on that claim. Pursuant to order filed February 17, 2010, this court appointed counsel for plaintiff and set a status conference to address, inter alia, what additional discovery the parties require (discovery previously closed on June 13, 2008 (Dkt. No. 21)).

Pursuant to the conference and the court's review of this action, the parties were and are HEREBY ORDERED to file, on or before April 22, 2010, a joint statement which: (1) specifically identifies all further discovery which each party seeks; (2) suggests mutually acceptable and reasonable shortened-time deadlines for completing each item or category of discovery, including recommended dates for concluding expert disclosures, obtaining expert depositions, and all further discovery; (3) recommend, only if applicable, a dispositive motion deadline should defendants intend to file a motion for summary judgment on plaintiff's malpractice claim; and (4) should defendants decline to file a motion for summary judgment, provide agreed-upon recommended and alternate dates for jury trial, including the estimated length of trial.

SO ORDERED.

DATED: April 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wats1475.OrdStRpt